# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LLOYD H. GARDLEY, et al.,

    Defendants.

Case No. 2:10-cr-00236-GMN-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(Mtn to Amend - Dkt. #197)

This matter is before the court on the government's Motion to Amend Second Superceding Indictment to Correct Typographical Errors (Dkt. #197). No response to the Motion was filed, and the time for filing one has now run. The court has considered the Motion.

Relying on *United States v. Neill*, 166 F.3d 943, 947 (9th Cir.), *cert. denied,* 526 U.S. 1153 (1999), the government seeks an order amending the Second Superceding Indictment (Dkt. #114) to correct the following five typographical errors:

    (a)    The Second Superceding Indictment at 5:2 alleges that the purchase price for property located at 7400 Cardigan Bay Street was $835,000.00. The government asserts the correct purchase price was $875,000.00, and this correct amount was disclosed to Defendants in discovery.

    (b)    The Second Superceding Indictment at 5:18 alleges that the purchase price for property located at 6116 Rabbit Track Street was $830,000.00. The government asserts the correct purchase price was $835,000.00, and this correct amount was disclosed to Defendants in discovery.

/ / /

/ / /

| | (c) | The Second Superceding Indictment at 5:21 alleges that J.W. purchased property at 6693 Brave Warrior Avenue. The government asserts that buyers were actually J.W. and E.W, and these correct purchasers were disclosed to Defendants in discovery. |
|---|---|---|
| | (d) | The Second Superceding Indictment at 6:10 alleges that the purchase price for property located at 7140 Crescentvill Avenue was $352,000.00. The government asserts the correct purchase price was $352,900.00, and this correct amount was disclosed to Defendants in discovery. |
| | (e) | The Second Superceding Indictment at 6:16 alleges that bank fraud occurred involving property located at 7140 Crescentville Avenue "[f]rom in or about 2005, to in or about April 2007." *Id.* The correct allegation is that fraud occurred regarding this property between "on or about March 4, 2007, to on or about April 18, 2007." Motion at 2:13. The government contends these dates are correctly alleged at 6:10 of the Second Superceding Indictment, and these correct dates were disclosed to the Defendants in discovery. |

The government contends correcting the errors will not prejudice any of the Defendants because of the corrected disclosures made to them in discovery.

The purpose of an indictment is to give a defendant notice of the charge so he can defend his case adequately. *See Neill,* 166 F.3d at 947 (citing *United States v. James,* 980 F.2d 1314, 1316 (9th Cir. 1992), *cert. denied,* 510 U.S. 838 (1993)). An indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend and enables the defendant to invoke his right against double jeopardy in future proceedings. *See United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)). *See also Russell v. United States*, 369 U.S. 749, 763-764 (1962); Fed. R. Crim. P. 7(c). Generally, when an indictment fails to list each element of a charged offense, it is a "fatal defect." *Id.* (internal citation omitted); *United States v. Du Bo*, 186 F.3d 1177, 1180 (9th Cir. 1999). A minor or technical deficiency, however, will not result in reversal of a conviction unless the defendant was prejudiced by the error. *Id.* (internal citation omitted). Amendment of an indictment to correct a typographical error is appropriate so long as the error did not prejudice the defendant. *United States v. Lim*, 984 F.2d 331,

337 (9th Cir. 1993) (no error in amending indictment where defendant not prejudiced by typographical error in charging statute and was not misled by the error).

In *Neill,* for example, the indictment charged defendant with bank robbery at Wells Fargo Bank and the Bank of Salem. 166 F.3d at 947-8. Count two, which related to the Bank of Salem robbery allegations, incorrectly alleged that the money was in the "care, custody, control and management of Wells Fargo Bank" instead of in the care, custody, control, and management of the Bank of Salem. *Id.* at 948. The error went unrecognized by the government, the defendant, and the trial court until after the case was submitted to the jury, at which point, the jury inquired whether Wells Fargo Bank owned the Bank of Salem. *Id.* The district court granted the government's motion to amend the indictment. *Id.* at 947. The Ninth Circuit found that although the error related to an element of the charged offense, the defendant suffered no prejudice by amending the indictment. *Id.* at 948 (recognizing the Ninth Circuit previously allowed an indictment to be amended where the change related to an element of the charged offense); *see, e.g., United States v. Coleman*, 656 F.2d 511 (9th Cir. 1981) (holding citation to 18 U.S.C. § 2113(a) cured indictment's failure to allege that bank robbed was federally insured).

Here, the indictment complies with the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure and is legally sufficient. It states the elements of the offenses charged with sufficient clarity. It adequately apprises Defendants of the charges against them such that they are on notice of the charges and may prepare an adequate defense. Although there were typographical errors, the government provided correct information to the Defendants in discovery and, in some cases, elsewhere in the Second Superceding Indictment. Additionally, no Defendant has opposed the Motion or asserted that he or she is prejudiced by the typographical errors.

Accordingly,

**IT IS RECOMMENDED** that the government's Motion to Amend Second Superceding Indictment to Correct Typographical Errors (Dkt. #197) be GRANTED.

Dated this 6th day of September, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE