# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:10-cr-236-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| CANDIS J. GARDLEY, ) | |
| SUZANNE R. McALLISTER, and ) | |
| JABARI L. MARSHALL, ) | |
| ) | |
| Defendants. ) | |

Before the Court is the United States' Motion in Limine Regarding Evidence of Jabari Marshall's Flight (ECF No. 208), Defendant's Motion to Conform the Date on Which to File a Response to a Pending Motion With the Existing Order Regarding Pretrial Motions and Trial (ECF No. 210), Defendant's Response to the United States' Motion in Limine Regarding Evidence of Jabari Marshall's Flight (ECF No. 228), the United States' Reply in Support of Motion in Limine Regarding Evidence of Jabari Marshall's Flight (ECF No. 230), Defendant's *untimely filed* Response in Opposition to the United States' Motion in Limine Regarding Evidence of Flight (ECF No. 265), and the United States' Surreply in Support of Motion in Limine Regarding Evidence of Jabari Marshall's Flight (ECF No. 268).

The Government seeks to admit evidence of the Defendant's conduct on January 17, 2012, which is evidence of flight. (ECF No. 208). Evidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself. *U.S. v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986). The degree of confidence from which four inferences can be drawn from the circumstantial evidence of flight will determine its probative value. *U.S. v. Felix-Gutierrez*, 940 F.2d 1200, 1207 (9th Cir. 1991). The four inferences are: 1) from the defendant's behavior to

flight; 2) from flight to consciousness of guilt; 3) from consciousness of guilt to consciousness of guilt concerning the offense charged; and 4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. Id. The fact that postal authorities announced themselves, called the Defendant's name and displayed their badge when an individual moved the blinds to look out the window just two hours before he ran out of the apartment and jumped into a vehicle with his sister, taken together with the fact that the Defendant had previously been interviewed by law enforcement about his role in the offense and that Defendant's sister testified before the grand jury only two weeks prior and was in the vehicle with the Defendant when he attempted to evade the postal authorities who appeared at his apartment door, is sufficient evidence to draw the four circumstantial inferences.

Defendant objects to the admission of the evidence arguing that, "[i]n order for Marshall's alleged conduct on January 17, 2012 to constitute "flight", (sic) he would have to have known that an indictment had been returned and an arrest warrant issued. (ECF No 228). However, the Government correctly points out that there is no requirement that the defendant have knowledge that he was being sought for the crime charged. *Harris*, 792 F.2d at 869.

Defendant additionally argues that admission of the flight evidence would violate Fed. R. Evid. 403 because its "probative value of the evidence is substantially outweighed by its prejudice, potential for confusion (sic) waste of time." (ECF No. 228).

Federal Rules of Evidence Rule 403, states as follows:

**Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

First, it is important to note that generally all evidence sought to be admitted by the

Government will be prejudicial; otherwise, it would not be probative of guilt and the Government would not seek to admit it. The actual focus of Rule 403 is whether the evidence is unfairly prejudicial. The Defendant only claims in general terms and fails to specify how the evidence of flight would be unfairly prejudicial, or otherwise be inadmissible pursuant to Rule 403. The Defendant only argues that, "[i[f in six (6) weeks time, with tens of thousands of documents, the Government cannot prove mortgage fraud beyond a reasonable doubt, that alone is a persuasive argument for the application of Rule 403." (ECF No. 265).

Nevertheless, this Court has balanced the probative and prejudicial values of the evidence of flight, considering the factual summary provided in the Government's briefing, as none of those facts were contested by the Defendant, and the Court finds that the evidence is not barred by Fed. R. Evid. Rule 403.

Defendant also claims the evidence of flight is inadmissible pursuant to Rule 410 of the Federal Rules of Evidence which prohibits, among others, the use of a guilty plea which was later withdrawn, a statement made during plea discussions with a prosecuting authority if the discussions did not result in a guilty plea, etc. Fed. R. Evid. Rule 410. (ECF No. 265). However, the Government asserts that "[e]vidence of Defendant Marshall's flight from law enforcement officers would not require the introduction into evidence of any statement made during plea discussions." (ECF No. 268). So long as that is the case, the Court finds the evidence of flight is not barred by Fed. R. Evid. Rule 410.

Finally, the Defendant argues the flight conduct of the defendant is too remote because "[t]he conspiracy charged in this case ended approximately five (5) years before the "flight". (sic) The Government asserts that where the Defendant knows of the accusations made against him, flight need not be immediately after the commission of the crime to be admissible, citing to *U.S. v. Hernandez-Miranda*, 601 F.2d 1104, 1106-07, (9th Cir. 1979); *U.S. v King*, 200 F.3d 1207, 1215 (9th Cir 1999), *U.S. v. Henley*, 386 Fed.Appx. 370, 376 (4th Cir. 2010). (ECF No. 268).

In this case, the Defendant's sister testified before a grand jury, and less than two weeks later, when the investigating postal inspector knocked on his door and identified herself with her badge as someone moved the blinds to look out the window, the Defendant failed to answer his door and instead attempted to flee with the same sister and their mother who had arrived in his parking lot only two hours later, drove slowly around the lot passing Defendant's apartment three times before leaving the rear car door open for the Defendant, who then ran down the sidewalk from his apartment and jumped into the back seat through the open door. Therefore, the Court finds that the evidence of flight is not too remote.

## **CONCLUSION**

The Government's motion to admit proffered evidence of Defendant's flight (ECF No. 208) will be admitted. Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion in Limine Regarding Evidence of Jabari Marshall's Flight (ECF No. 208) is hereby **GRANTED**, and the proffered evidence of Defendant Jabari Marshall's flight shall be **ADMITTED**.

**DATED** this 27th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge